ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| VÍCTOR CARMONA RIVERA<br><br>Apelante<br><br>v.<br><br>DR. LUIS O. RAMÍREZ FERRER; Y OTROS<br><br>Apelado | KLAN202400821 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: ISCI201700994 Consolidado con MZ2019CV00760<br><br>Sobre: Impericia Médica |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece ante esta Curia, el Sr. Víctor Carmona Rivera (Sr. Carmona Rivera o apelante) y solicita que revisemos la *Sentencia* que el Tribunal de Primera Instancia, Sala Superior de Mayagüez, (TPI o foro primario) notificó el 7 de agosto de 2024.[1] Mediante el referido dictamen, el foro primario ordenó la desestimación, con perjuicio, de las demandas consolidadas en los casos núm. ISCI201700994 y MZ2019CV00760.

Adelantamos que, por los fundamentos que expondremos a continuación, se desestima el recurso de apelación instado, por falta de jurisdicción. Veamos.

**I.**

El Sr. Carmona Rivera incoó una primera causa de acción (caso núm. ISCI201700994) sobre impericia médica en contra de los doctores Luis O. Ramírez Ferrer, Raúl F. García Rinaldi, Centro

_____
[1] Apéndice, págs. 127-150.

Médico de Mayagüez h/n/c Mayagüez Medical Center Ramón Emeterio Betances, sus correspondientes aseguradoras, entre otros demandados de nombres desconocidos (codemandados).[2]

Según las alegaciones de la demanda, el Sr. Carmona Rivera sufrió graves daños físicos, angustias mentales y daños morales producto de la presunta negligencia de los codemandados, quienes fallaron en brindar y monitorear el tratamiento médico prestado, conforme a la mejor práctica, de la medicina y de las facilidades médico-hospitalarias. En particular, al remover indebida e innecesariamente gran parte de su páncreas, sin un consentimiento informado válido que los autorizara a intervenir con su cuerpo, según ocurrió. Además, al fallar en monitorear el tratamiento médico prestado por el personal auxiliar y de enfermería que lo trató en el hospital. Basado en lo antes, el Sr. Carmona Rivera reclamó $500,000.00 por concepto de daños físicos y otros $500,000.00 en angustias y sufrimientos mentales.

Así las cosas y a solicitud del Dr. Ramírez Ferrer, el TPI desestimó la causa de acción en su contra, al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, por insuficiencias en el emplazamiento.[3] Al cabo de un año y medio, el Sr. Carmona Rivera incoó un nuevo pleito (caso núm. MZ2019CV00760) por los mismos hechos y con iguales alegaciones que las correspondientes al caso núm. ISCI201700994. En esta segunda demanda, el Sr. Carmona Rivera incluyó nuevamente al Dr. Ramírez Ferrer como codemandado y sustituyó algunos nombres de los demandados que anteriormente le eran desconocidos.[4] A solicitud del Sr. Carmona Rivera, el 18 de diciembre de 2019, el TPI notificó un dictamen en el cual ordenó la consolidación de ambos

---

[2] Apéndice, págs. 1-8.
[3] La referida *Sentencia Parcial* fue objeto de revisión ante esta Curia (recurso núm. KLAN201800926) y un panel hermano confirmó el dictamen.
[4] Apéndice, págs. 9-17.

casos. Además, decretó la continuación del descubrimiento de prueba.

Pendiente lo anterior, el 12 de febrero de 2021, la representación legal del Dr. García Rinaldi notificó su fallecimiento, en cumplimiento con la Regla 22.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1. Al cabo de 250 días de haber advenido en conocimiento de tal hecho, el Sr. Carmona Rivera presentó una cuarta enmienda a la demanda a los efectos de incluir como codemandados a los miembros de la Sucesión García Rinaldi.[5] Evaluado lo anterior y en atención a mociones radicadas por los integrantes de la Sucesión del Dr. García Rinaldi, el TPI, mediante una *Sentencia Parcial,* notificada el 7 de diciembre de 2021, desestimó sin perjuicio, la reclamación instada en la cuarta demanda enmendada contra la Sucesión del Dr. García Rinaldi en los casos ISCI201700994 y el MZ2019CV00760.[6]

Transcurridos más de dos (2) años en la etapa de descubrimiento de prueba, el Dr. Ramírez Ferrer presentó un petitorio de desestimación, al cual se unió Mayagüez Medical Center.[7] Solicitó la eliminación de la prueba documental que el Sr. Carmona Rivera se había negado a entregar a los codemandados, a pesar de las múltiples prórrogas que el TPI le había concedido, e incluso, de la imposición de una sanción económica a tales efectos. Imploró, además, la eliminación de las alegaciones y la desestimación de la causa de acción, incoada en su contra, tal cual le advirtió el foro primario, y conforme lo autoriza la Regla 39.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.

En su réplica, el Sr. Carmona Rivera aseguró haber entregado a las representantes legales de los codemandados los expedientes médicos de los galenos que serían sus testigos, debidamente foliados

---

[5] Apéndice, págs. 21-30.
[6] Apéndice, págs. 31-37.
[7] Apéndice, págs. 51-54 y 55-56.

y certificados.[8] A lo antes, el Dr. Ramírez Ferrer y Mayagüez Medical Center ripostaron con el detalle de las deficiencias halladas en la prueba documental entregada, por lo que insistieron en la desestimación de la demanda ante los reiterados incumplimientos.

Justipreciado lo anterior, el foro primario notificó la *Sentencia* apelada. En ella, desestimó con perjuicio las demandas consolidadas de epígrafe ante los reiterados incumplimientos del Sr. Carmona Rivera con las órdenes relacionadas a la entrega de la totalidad de los récords médicos certificados y foliados de los galenos que serían sus testigos.

Surge del dictamen apelado que, para el 4 de enero de 2024, el Sr. Carmona Rivera poseía algunos de los récords médicos que se negaba a entregar, a pesar de ser advertido de la posible desestimación de su causa. Además, el foro primario puntualizó que, el Sr. Carmona Rivera tenía pleno conocimiento de los procesos, de sus reiterados incumplimientos, de la posibilidad de una desestimación y fue quien compareció por derecho propio para sufragar la sanción económica impuesta producto de sus inobservancias. El TPI dispuso que, la desestimación con perjuicio de las demandas y sus enmiendas en los casos consolidados núm. ISCI201700994 y MZ2019CV00760 fue a tenor de la Regla 39.2 de Procedimiento Civil, *supra.* Además, le impuso el pago de honorarios de abogado a favor de la parte demandada.

En desacuerdo, el Sr. Carmona Rivera instó un extenso petitorio de reconsideración el 22 de agosto de 2024. Allí expuso haber cumplido con las órdenes del foro primario, aunque su cumplimiento no fue a satisfacción de los codemandados. Aseguró que, no se ha negado a proveer los expedientes médicos objeto de descubrimiento, que estos se entregaron certificados y foliados, y

---

[8] Apéndice, págs. 64-69.

que cualquier discrepancia al respecto debió ser atendida en una vista evidenciaria debido a que los expedientes estaban bajo el control de terceros. Abundó sobre el hecho que la demanda ha sido objeto de varias enmiendas. A pesar de reconocer que, la actual representación legal no participó de las incidencias procesales que propiciaron la desestimación de la causa, particularizó el tracto procesal para sostener la procedencia de su petitorio en reconsideración. Fundamentó su postura sobre lo resuelto en *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217 (2001), por entender que, el dictamen del foro primario se apartó de lo establecido en la Regla 39.2 de las Reglas de Procedimiento Civil, *supra.* Por último cuestionó la imposición de los honorarios de abogado como uno en extremo oneroso tomando en consideración la totalidad de las circunstancias del apelante y su falta de intención de causar atrasos en los procesos.

Pendiente la *Moción en Solicitud de Reconsideración* que se encontraba sin resolver ante el TPI, el 5 de septiembre de 2024, a las 2:38 de la tarde, el apelante insta ante esta Curia el recurso de apelación de epígrafe. En su recurso, imputa al foro primario lo siguiente:

> Erró el Tribunal de Primera Instancia, Sala de Mayagüez, al emitir sentencia desestimatoria al amparo de la Regla 39.2 de Procedimiento Civil.
>
> Erró el Tribunal de Primera Instancia al considerar que la parte demandante-apelante incumplió con el descubrimiento de prueba luego de que entregara los expedientes médicos que tenía en su poder en el plazo que concedió en la audiencia celebrada el 2 de mayo de 2024.
>
> Erró el Tribunal de Primera Instancia al condenar a la parte demandante a pagar a cada una de las partes codemandadas la suma de $10,000 en concepto de honorarios de abogado por ser improcedente en derecho y por además ser excesiva.

No obstante lo anterior, el 5 de septiembre de 2024, a las 3:54 de la tarde, el foro primario declaró No Ha Lugar la solicitud de reconsideración.[9]

Hemos examinado con detenimiento el recurso sometido por el apelante y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.*; *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Municipio de Aguada v. W. Construction, LLC y otro,* supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no

---

[9] Véase *Moción informativa* presentada por la parte apelante ante esta Curia, el 16 de septiembre de 2024.

la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra. De conformidad, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

Como se sabe, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra. Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 25) (2019), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

En lo atinente, la Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47, establece que, la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de apelar o de acudir en revisión judicial. Cónsono con lo anterior, la Regla 47 de las Reglas de Procedimiento Civil, *supra*, lee:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.
>
> [...]
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir. [...]

De conformidad, el término de revisión judicial puede ser interrumpido por una oportuna y fundamentada solicitud de reconsideración. *Simons y otros v. Leaf Petroleum Corp.,* 209 DPR 216 (2022). Sobre el particular, el Tribunal Supremo ha resuelto que, el efecto interruptor de la moción de reconsideración siempre está sujeto a que se cumplan los requerimientos de la Regla 47. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 752 (2023).

### III.

El apelante en su recurso impugna la determinación del foro primario de desestimar con perjuicio las causas de acción objeto de los casos consolidados núm. ISCI201700994 y MZ2019CV00760. Cabe destacar que, al examinar el expediente ante esta Curia, nos percatamos de la existencia de un asunto jurisdiccional que incide sobre nuestra facultad para adjudicar los méritos de la controversia.

Tal cual expusimos en el tracto procesal, en reacción a la *Sentencia* apelada, el Sr. Carmona Rivera instó una moción de reconsideración el 22 de agosto de 2024 que cumplió con los requerimientos de la citada Regla 47 de las Reglas de Procedimiento Civil, *supra.* Con ello, interrumpió el término para acudir en revisión ante esta Curia. No obstante, lo anterior, y pendiente la reconsideración ante el foro primario, el 5 de septiembre de 2024, a las 2:38 de la tarde, el apelante insta el recurso de apelación de epígrafe ante esta Curia. A pesar de que ese mismo día, a las 3:54 de la tarde, el foro primario adjudicó el petitorio de reconsideración que tenía pendiente ante sí, ello no subsana el hecho de que el recurso de apelación del apelante fue instado prematuramente ante este Tribunal.

Cabe reiterar que, hasta tanto el foro primario no adjudicara los asuntos objeto de reconsideración, quedaron suspendidos los términos para recurrir en alzada. Por virtud de lo anterior, y a tenor de lo resuelto por el Tribunal Supremo en *Mun. Rincón v. Velázquez Muñiz y otros,* 192 DPR 989, 1004 (2015), procede la desestimación del recurso apelativo de epígrafe, según presentado.

**IV.**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción. Se ordena el desglose del apéndice y autorizamos que se continúen los procesos de rigor sin necesidad de aguardar por la expedición del correspondiente mandato.

Notifíquese inmediatamente.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones